UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW WORLD MEDICAL INC. et al., <br><br> Plaintiff, <br><br> v. <br><br> MICROSURGICAL TECHNOLOGY INC., <br><br> Defendant. | CASE NO.  2:20-cv-01621-RAJ-BAT <br><br> **ORDER GRANTING DEFENDANT MICROSURGICAL TECHNOLOGY'S MOTION FOR RELIEF FROM INITIAL CASE SCHEDULING DEADLINES** |

Defendant Microsurgical Technology, Inc. ("MST") seeks relief from the initial case scheduling deadlines (Fed. R. Civ. P. 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and the Combined Joint Status Report and Discovery Plan required by Fed. R. Civ. P. 26(f) and Local Civ. R. 26(f))set by the Court (Dkt. 14) pending the Court's decision on MST's Motion to Stay Pending Post-Grant Review. Dkt. 32. MST's Motion to Stay Pending Post-Grant Review is noted for January 29, 2021. Dkt. 30. Plaintiffs New World Medical, Inc. and the Regents of the University of Colorado ("New World") oppose the motion. Dkt. 35.

The Court may extend deadlines for good cause. Fed. R. Civ. P. 6(b). Good cause exists for the extension requested.

BACKGROUND

New World filed a Complaint on November 4, 2020, alleging infringement of U.S. Patent No. 10,786,391 (the "'391 Patent"). Dkt. No. 1. MST filed an Answer and Counterclaims on December 28, 2020. Dkt. No. 26. Under the Court's current scheduling order, the parties are to

SCHEDULING DEADLINES - 1

engage in a Rule 26(f) conference by January 18, 2021; exchange initial disclosures by February 1, 2021; and file a joint status report by February 15, 2021. Dkt. No. 14.

On December 17, 2020, MST filed a petition for Post-Grant Review ("PGR") with the PTAB. According to MST, the PGR has the potential to moot this case in its entirety because if the USPTO rules that at least Claims 1 and 13 of the '391 Patent are unpatentable, New World would have no claim upon which relief could be granted. Even a narrower ruling would narrow the issues in this litigation. Based on MST's calculation, if the PGR is granted by the USPTO's Patent Trial and Appeal Board, a final decision on the merits from the Board would be expected in May 2022. Dkt. 30, p. 2.

Simultaneous with the filing of this motion, MST filed a Motion to Stay seeking to stay this action pending PGR. Dkt. 30. That motion is noted for January 29, 2021.

## DISCUSSION

This Court has inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). As such, courts will seek to limit the burden on parties and on itself when there is potential for an action to be dismissed in its entirety. *See*, *e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (finding "no error" in staying discovery pending motion to dismiss); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming trial court's decision to stay discovery pending resolution of a motion to dismiss); *Bosh v. United States*, No. C19-5616 BHS, 2019 WL 5684162, at *2 (W.D. Wash. Nov. 1, 2019) (staying discovery and vacating initial case deadlines pending ruling on motion to dismiss).

New World will not be prejudiced by the requested extension as the case is in its infancy and no discovery has been planned. An extension of the initial case scheduling deadlines now

1  pending the Court decision on the requested stay is warranted and will save the parties and Court
2  the time and effort of setting a case schedule and beginning discovery.
3      Accordingly, it is **ORDERED** that the initial case deadlines set by Dkt. 14 are
4  **VACATED**. If the Court denies MST's Motion to Stay, the dates shall be reset following that
5  ruling.
6      DATED this 3rd day of February, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

SCHEDULING DEADLINES - 3